UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEAN DUFORT BAPTICHON,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br>et al.,<br><br>*Defendants*. | Civil Action No. 1:22-cv-00941 (CJN) |

**MEMORANDUM OPINION**

*Pro se* Plaintiff Jean Dufort Baptichon, a former student at Western Michigan University Thomas M. Cooley Law School, filed a Complaint against Cooley and the U.S. Department of Education relating to his academic dismissal from Cooley and his federal student loans. After Cooley and the Department separately moved to dismiss, Baptichon moved for leave to file an amended complaint. *See* Cooley Mot. to Dismiss, ECF No. 4; Dep't Mot. to Dismiss, ECF No. 14; Pl.'s Mot. for Leave to File Am. Compl., ECF No. 18. For the reasons explained below, the Court grants both Defendants' motions to dismiss and denies Baptichon's motion for leave to amend.

**I. Background**

As Baptichon states in his Complaint, this lawsuit is "a continuation of his long[-]standing litigation" concerning Cooley's 2003 decision to dismiss him for "academic deficiencies" and the collection of his student loan debt. Compl. ¶ 7, ECF No. 1. These events have now been the subject of several court opinions in other federal and state courts around the country. *See Baptichon v. U.S. Dep't of Educ.*, No. 20-CV-2400, 2020 WL 6565126, at *1 (E.D.N.Y. Nov. 9,

2020) (citing cases including a 2004 decision dismissing federal due process claims).  Baptichon alleges here that Cooley miscalculated his GPA beginning in the January 2002 academic term.  Compl. ¶ 25.  Then in the May 2002 term, a professor allegedly lost one of Baptichon's exam answer books, causing his cumulative GPA to fall below the required 2.0 threshold.  *Id.* ¶¶ 8–11.  As a result, Baptichon was placed on academic probation.  *Id.* ¶ 11.  In September 2003, Cooley issued a grade report listing his cumulative GPA as 2.05, but revised the report three days later to state his cumulative GPA as 1.96.  *Id.* ¶¶ 14–15, 25.  Cooley then dismissed Baptichon due to his academic performance.  *See id.*

Baptichon brings various claims against Cooley based on this dismissal—including fraud, libel, and denial of due process and equal protection under the Fourteenth Amendment—all stemming from the theory that Cooley miscalculated his GPA.  Baptichon also alleges that Cooley and/or the Department forged his signature on a federal student loan application and promissory note, causing him to be wrongfully "harassed by multiple debt collection agencies."[1]  *Id.* ¶ 30.  In response, both Defendants have filed motions to dismiss.  Cooley argues for dismissal because Baptichon's claims are barred by the applicable statutes of limitations and res judicata; venue is improper; the Court lacks personal jurisdiction over it; and Baptichon has failed to state a claim upon which relief can be granted.  The Department contends that Baptichon's Complaint should be dismissed because he failed to properly exhaust his administrative remedies and timely file his Complaint; the Department has not waived its sovereign immunity; and Baptichon failed to state a claim upon which relief can be granted.  Baptichon, in turn, moves to amend his Complaint.

---

[1] Baptichon also alleged that the signature was forged by American Student Assistance, an organization named as a defendant that was subsequently voluntarily dismissed from the lawsuit.  Compl. ¶ 30; Notice of Voluntary Dismissal, ECF No. 15.

## II. Legal Standards

The Defendants seek dismissal under Federal Rules of Civil Procedure 12(b)(1), (b)(2), (b)(3), and (b)(6). The Court focused on the jurisdictional issues raised by their Motions.

Rule 12(b)(1) governs dismissal for lack of subject-matter jurisdiction. When "deciding whether to grant a motion to dismiss for lack of jurisdiction," the Court "may consider materials outside the pleadings." *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). Although the Court "accept[s] as true all the factual allegations contained in the complaint," those allegations "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (quotations omitted). *Pro se* complaints are liberally construed, but "even a pro se plaintiff must meet his burden of proving that the Court has subject matter jurisdiction over the claims." *Fontaine v. Bank of Am., N.A.*, 43 F. Supp. 3d 1, 3 (D.D.C. 2014).

Rule 12(b)(2) provides for dismissal based on lack of personal jurisdiction. A plaintiff must establish a factual basis for the Court to assert personal jurisdiction over a defendant. *See Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). And while plaintiffs may "satisfy that burden with a *prima facie* showing" at this stage, they must nevertheless "allege specific acts connecting the defendant with the forum." *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (quotation omitted); *Second Amend. Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (quotation and brackets omitted).

The Court grants leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). But "if the proposed amendment is futile," meaning that "it would not withstand a motion to dismiss," the Court will deny leave to amend. *Singletary v. Howard Univ.*, 939 F.3d 287, 295 (D.C. Cir. 2019) (quotation and brackets omitted).

### III. Analysis

**A. Cooley's Motion to Dismiss**

Cooley moves to dismiss for lack of personal jurisdiction, arguing that Baptichon has failed to meet his burden of showing either general or specific jurisdiction. General jurisdiction "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit." *Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 889 (D.C. Cir. 2021) (quotation omitted). Specific jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* at 888 (quotation and brackets omitted). The Court must generally assess whether either type of jurisdiction exists under D.C. law before analyzing "whether an exercise of jurisdiction would comport with constitutional limitations." *See id.*; *Forras v. Rauf*, 812 F.3d 1102, 1105–06 (D.C. Cir. 2016). Here, Cooley focuses its attention on the lack of a statutory basis for jurisdiction.

  1. <u>General Jurisdiction</u>

Under D.C. Code § 13-422, a D.C. court "may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief." Baptichon acknowledges in his Complaint that Cooley is a citizen of Michigan, and it is undisputed that Cooley is "not domiciled in" or "organized under the laws of" the District of Columbia, and also that it "does not maintain its principal place of business in the District of Columbia"—making jurisdiction under D.C. Code § 13-422 unavailable. Compl. ¶ 3; Cooley Mem. in Support of Mot. to Dismiss ("Cooley Mem.") at 8, ECF No. 4-1.

Baptichon does not invoke any other statutory basis for general jurisdiction. Instead, he argues that Cooley has "engaged in continuous and systematic activity" in the District, such that exercising jurisdiction would accord with the constitutional requirement of due process. Pl.'s Opp'n to Cooley Mot. to Dismiss at 17, ECF No. 7; *see, e.g.*, *Erwin-Simpson*, 985 F.3d at 889–90. The constitutionality of exercising general jurisdiction over a defendant does not, standing alone, provide an adequate basis to do so here. In any event, Baptichon does not offer any factual allegations to support his assertion that Cooley's affiliations in the District are continuous and systematic. For example, as Cooley points out, Baptichon does not allege that it "transacted business" or "contracted to supply services" in the District. Cooley Mem. at 9. Rather, Baptichon claims that Cooley has certain connections with the American Bar Association and the Department, which operate in the District. *See* Pl.'s Opp'n to Cooley Mot. to Dismiss at 16 (stating that Cooley is "allegedly the largest American Bar Association Accredited Law School," that "the American Bar Association has its office in the forum state," and that Cooley was "acting as an agent" of the Department). But "merely maintaining professional relationships with persons and entities in the District is not sufficient to establish general jurisdiction." *Ashhab-Jones v. Cherokee Nation Strategic Programs, LLC*, No. 19-cv-00089, 2020 WL 6262090, at *4 (D.D.C. Oct. 23, 2020); *Bigelow v. Garrett*, 299 F. Supp. 3d 34, 43 (D.D.C. 2018).

    2. Specific Jurisdiction

For the Court to exercise specific personal jurisdiction over Cooley, as noted above, it "must first examine whether jurisdiction is applicable under the [District's] long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).

5

The District's long-arm statute provides in relevant part that a defendant's contacts with the District of Columbia can establish specific jurisdiction if the claim arises from the defendant's:

(1) transacting any business in the District of Columbia;

(2) contracting to supply services in the District of Columbia;

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; [or]

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia . . . .

D.C. Code § 13-423(a). Baptichon has not shown that the long-arm statute supplies a basis for specific jurisdiction.

First, he has not alleged that he suffered any tortious injury in the District of Columbia. *See id.* § 13-423(a)(3)–(4). While most of the events at issue in this lawsuit occurred in Michigan, where Cooley is located, Baptichon also alleges that the Department's "unlawful actions injured the Plaintiff in New York," where he currently resides. Compl. ¶ 5. But he does not allege that any injury occurred here.

Second, Baptichon has not shown that his claims arise out of Cooley's "transacting any business" or "contracting to supply services" in the District of Columbia. D.C. Code § 13-423(a)(1)–(2). Although the factual basis underlying his assertion of specific jurisdiction is somewhat unclear, he appears to rely on the relationship between the Department and Cooley in connection with his federal student loans. He argues that Cooley acted as an "agent" of the Department "when brokering [his] student loans," i.e., disbursing any surplus amount to him after receiving loan payments from the Department. Pl.'s Opp'n to Cooley Mot. to Dismiss at 16. But this allegation falls short of claiming that Cooley transacted business or contracted to supply

6

services in the District in a manner that gave rise to Baptichon's claims within the meaning of D.C. Code § 13-423(a). Put simply, Baptichon has failed to "allege specific acts connecting the defendant with the forum." *Second Amend. Found.*, 274 F.3d at 524 (quotation and brackets omitted).

**B.  Department of Education's Motion to Dismiss**

The Department moves to dismiss on the ground that the Federal Tort Claims Act (FTCA) does not waive sovereign immunity for "forgery" (Count V), the only claim asserted against it in the initial Complaint.[2] "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Although the FTCA grants federal courts jurisdiction to hear a set of tort claims against the federal government, the statute does not grant jurisdiction over "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. §§ 1346(b)(1), 2680(h). Here, the parties dispute whether Baptichon's "forgery" claim falls within the exception to the FTCA's waiver of sovereign immunity for any claim arising out of "misrepresentation."

The Court agrees with the Department that the misrepresentation exception applies. "[T]he essence of an action for misrepresentation, whether negligent or intentional, is the communication of misinformation on which the recipient relies." *Block v. Neal*, 460 U.S. 289, 296 (1983). Baptichon alleges that the Department (or Cooley) forged his signature on a federal student loan

---

[2] As this Court has noted previously, "there is some question whether the sovereign immunity of the United States presents a subject-matter jurisdiction question." *Embrey v. United States*, No. 21-cv-0235, 2022 WL 392312, at *3 (D.D.C. Feb. 9, 2022) (citing *Mowrer v. U.S. Dep't of Transp.*, 14 F.4th 723 (D.C. Cir. 2021)). The Court will continue to analyze "the lack of a clear waiver of federal sovereign immunity as a jurisdictional defect" under Rule 12(b)(1). *Id.* (emphasis omitted).

7

application and promissory note, causing "multiple debt collection agencies and the credit bureau" to rely on the defective application to Baptichon's detriment. Compl. ¶ 30. Because his alleged injury is based on "the communication of misinformation" on which others relied, his action "aris[es] out" of the Department's alleged misrepresentation. *Block*, 460 U.S. at 296; 28 U.S.C. § 2680(h).

Baptichon disputes that his forgery claim involves misrepresentation, but forgery is "not in and of itself a civil cause of action" under District of Columbia law. *Nwaoha v. Onyeoziri*, No. 04-1799, 2006 WL 3361540, at *4 (D.D.C. Nov. 20, 2006); *see McCrea v. D.C.*, No. 16-cv-0808, 2021 WL 1209219, at *14 (D.D.C. March 31, 2021). Instead, it is "a criminal offense which may, in some instances, include[] commission of other civil torts," like "conversion or fraud." *Nwaoha*, 2006 WL 3361540, at *4. If Baptichon's claim were construed so as not to include an allegation of fraud or misrepresentation—despite his concession that "forgeries are a species of fraud"—he would have failed to state a claim, which would also warrant dismissal.[3] Pl.'s Opp'n to Dep't Mot. to Dismiss at 2, ECF No. 16; *see also id.* at 2–3, 8 (invoking "modern statutes" which make forgery a felony).

## C. Baptichon's Motion for Leave to Amend the Complaint

Baptichon proposes to amend his Complaint by adding three claims against the Department for "collection harassments," abuse of process, and negligent supervision. Because none of these claims would survive a motion to dismiss by the Department, the amendment would be futile.

---

[3] The Court declines Baptichon's request to construe this "forgery" count as a *Bivens* claim. Pl.'s Opp'n to Dep't Mot. to Dismiss at 12–13. It is "the duty of the lower federal courts to stop insubstantial *Bivens* actions in their tracks and get rid of them," *Simpkins v. D.C. Gov't*, 108 F.3d 366, 370 (D.C. Cir. 1997), and here Baptichon does not seek to hold any federal official personally liable for being "personally and directly involved" in any unconstitutional conduct related to his forgery allegations. *Taylor v. Dir. of Bureau of Prisons*, No. 09 0859, 2009 WL 1322281, at *1 (D.D.C. May 8, 2009).

First, Baptichon's "collection harassments" claim—which the Court, like the Department, construes as attempting to state a cause of action under the Fair Debt Collection Practices Act (FDCPA)—would fail because the federal government has not waived its sovereign immunity as to its efforts to collect on a debt.  *See* Dep't Opp'n to Pl.'s Mot. to Am. Compl. at 5, ECF No. 20; *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007).  The FDCPA also excludes "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties" from the definition of "debt collector," making the statute's prohibition on harassing debt collection efforts inapplicable.  15 U.S.C. §§ 1692a(6)(C), 1692d.

Second, the Department would have sovereign immunity against Baptichon's claim for abuse of process, because that intentional tort is excepted from the FTCA's sovereign-immunity waiver.  28 U.S.C. § 2680(h).

Third, Baptichon's negligent supervision claim would be dismissed because Baptichon did not present the claim to the Department within two years of its accrual.  *See* 28 U.S.C. § 2401(b).  Like Baptichon's forgery claim, his proposed negligent supervision claim is based on the alleged forgery of his signature on a federal loan application and promissory note.  Am. Compl. ¶ 35, ECF No. 18-1 (alleging that the Department "failed to supervise its agents" who manage the Federal Family Education Loan Program).  Baptichon argues that his November 20, 2020 submission to the Department (a Standard Form 95) fell within the two-year period because "he first discovered . . . the wrongful act on January 1, 2020," when "the defendant Federal agency presented the forged Federal Family Educational Loan document, i.e., the 'Promissory Note' to the Plaintiff for the first time."  Pl.'s Opp'n to Dep't Mot. to Dismiss at 3, 9–10.  That assertion is contradicted by the loan discharge application that Baptichon submitted in August 2018, in which

9

he attested that his name was signed without authorization on the promissory note.[4]  Def's Ex. 2 (Loan Discharge Application), ECF No. 17-2; *see Webster v. Spencer*, No. 17-cv-1472, 2020 WL 2104231, at *5 (D.D.C. May 1, 2020) (holding that a court may consider administrative records when ruling on a 12(b)(6) motion "for assessing exhaustion and timeliness attacks, particularly when . . . neither side disputes their authenticity"); *see also* Am. Compl. ¶ 33 (incorporating August 15, 2018 Loan Discharge Application by reference).  Because Baptichon discovered by August 2018 at the latest that the promissory note was (as he says) signed in his name without authorization, he did not submit notice of his claim to the Department within the two-year window as required.

## IV.  Conclusion

For these reasons, Baptichon's claims against Cooley are dismissed without prejudice for lack of personal jurisdiction, and his action against the Department is dismissed with prejudice for lack of subject-matter jurisdiction.  Baptichon's motion for leave to file an amended complaint is denied.  An order will issue contemporaneously with this opinion.

DATE: March 17, 2023

CARL J. NICHOLS
United States District Judge

---

[4] It is also in tension with Baptichon's argument in his response to Cooley's Motion to Dismiss, in which he states that "Defendant DOE presented said Promissory Note to the Plaintiff for payment on or about October 2014."  Pl.'s Opp'n to Cooley Mot. to Dismiss at 8.